**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Dmitrii Gorelov,

Petitioner,

v.

Luis Rosa, Jr.,

Respondent.

No. CV-26-02536-PHX-KML

**ORDER**

Petitioner Dmitrii Gorelov filed a petition for writ of habeas corpus challenging his immigration detention in April 2026. (Doc. 1.) After respondents answered the petition and Gorelov replied, the magistrate judge issued a Report and Recommendation ("R&R") recommending the petition be denied. (Doc. 12.) Gorelov objected to the R&R (Doc. 13) and respondents failed to respond to the objections. Having reviewed de novo, the R&R is adopted in part.

Gorelov entered the United States without inspection in July 2025 and, after a criminal prosecution, has been detained by Immigration and Customs Enforcement ("ICE") since the following month. (R&R at 1.) An immigration judge has denied Gorelov's requests for asylum and other relief, ordering him removed to Russia. (R&R at 1.) Gorelov appealed that denial to the Board of Immigration Appeals; his appeal remains pending. (R&R at 1.) In February 2026, Gorelov received a notice from an officer at the Florence Service Processing Center saying he may be entitled to release on bond or conditional parole. (Doc. 13 at 3.)

Gorelov challenges his year-plus detention as prolonged under the Fifth Amendment due process clause. (R&R at 2.) He may also be challenging his conditions of confinement. (*See* Doc. 1 at 9-11.) To the extent he is, the R&R's conclusion that such a claim is not cognizable in habeas corpus (R&R at 9) is correct and is adopted.

Turning to Gorelov's due process challenge to his prolonged detention, the R&R—issued on June 5, 2026—concluded that the petition should be denied because "neither the Supreme Court nor the Ninth Circuit have any precedent deviating from *Mezei*'s limitation on the due process rights of admission-seeking aliens to be released from detention under § 1225(b)." (R&R at 12 (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 207 (1953)).) Three months after the R&R was docketed, the Ninth Circuit issued such precedent. *See Padilla v. United States Immigr. & Customs Enf't*, --- F.4th ----, 2026 WL 2822044, at *11, 18 (9th Cir. 2026). *Padilla* addressed the due process rights of a class of "detained asylum seekers who entered the United States without inspection, were initially subject to expedited removal proceedings under 8 U.S.C. § 1225(b)," and "were determined to have a credible fear of persecution" but were not provided a bond hearing. *Id*. at *5. *Padilla* described how the government had expanded its definition of aliens subject to the so-called "entry fiction" beyond those the Supreme Court discussed in *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020), such that some of those individuals were not actually covered by *Thuraissigiam*'s holding limiting the due process rights of entry-fiction aliens to those rights Congress provided by statute. *Id*. at *14. Separately, *Padilla* described the "long history" of substantive due process limitations on the government's ability to detain people, including "the widespread availability of bail" and "judicial review of the legality of confinement." *Id*. at *16-18.

It is not clear from respondents' briefing or evidence, nor the R&R, whether Gorelov falls into the category of entry-fiction aliens *Thuraissigiam* addressed. (*See* Doc. 10 at 1; Doc. 10-4 at 2; R&R at 1.) Respondents also failed to provide any argument or evidence shedding light on that question in response to Gorelov's objections (or more recently in their status report). (*See* Doc. 15.) That means the court cannot find the R&R's conclusion

that no Ninth Circuit precedent addresses Gorelov's due process rights (R&R at 8) to be correct any longer. Gorelov may have substantive due process rights related to his detention as *Padilla* describes. His objection to that portion of the R&R is therefore sustained and his petition is granted.

That leaves the question of the appropriate remedy. After a historical analysis, *Padilla* described a bond hearing as the usual remedy for substantive due process claims based on prolonged detention like those Gorelov raises. *Id.* at *18. Gorelov's petition is therefore granted to the extent it requests a bond hearing. (Doc. 1 at 7.)

**IT IS ORDERED** the Report and Recommendation (Doc. 12) is **ADOPTED** in part and **REJECTED** in part. The petition (Doc. 1) is **GRANTED** to the extent it seeks a bond hearing. The petition is otherwise denied.

**IT IS FURTHER ORDERED** within seven days of the date this order is docketed, respondents must provide petitioner a bond hearing or release him from custody under the same conditions that existed before his detention.

**IT IS FURTHER ORDERED** any pending motions are denied as moot. The Clerk of Court shall enter judgment in petitioner's favor and close this case.

Dated this 26th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**